# Charles D. Kaier Company, Limited.

*Liquor laws—License—Brewer's license—Ownership of building used as saloon—Acts of May 13, 1887, P. L. 108, and June 9, 1891, P. L. 257.*

1. The ownership by a brewing company of a large number of buildings leased to tenants to carry on a retail liquor business therein, is a circumstance proper to be considered by the court in passing upon an application for a license by the brewing company, in ascertaining whether such company has a pecuniary interest in the profits of the business done by its tenants under the retail liquor licenses.

2. The covenants of the leases under which the tenants hold, or an agreement collateral to the lease, or the evidence as to the manner in which the parties do business, may establish to the satisfaction of the court that the brewing company has a pecuniary interest in the profits of the business done under the retail licenses and that the saloons are mere agencies of the brewery, but the mere ownership of the property by the brewing company, without more, does not so conclusively establish that the landlord has a pecuniary interest in the profits of the business done by his tenant as to warrant the court in holding that the granting of the license in the present case involved an abuse of discertion by the court below.

3. On an appeal from an order granting a liquor license the conclusion of the court below as to the facts cannot be reviewed. The opinion

of the court below in such a case is not in strictness a part of the record, and is only to be considered for the purpose of ascertaining the grounds upon which the court based its action.

Argued Dec. 5, 1911.    Appeal, No. 70, Oct. T., 1911, by W. I. Reed and N. C. Naylor, from order of Q. S. Schuylkill Co., Jan. T., 1911, No. 1,108, granting a liquor license In re Application of the Chas. D. Kaier Company, Limited.    Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Petition for brewer's license.    Before SHAY, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order granting the license.

*Wesley K. Woodbury* and *Guy E. Farquhar*, with them *Otto E. Farquhar*, for appellants.

*W. P. Ramsay* and *A. D. Knittle*, for appellee.

OPINION BY PORTER, J., March 1, 1912:

The appellee, a limited partnership association, presented a petition for a license to brew and sell malt and brewed liquors, under the provisions of the statutes regulating the granting of such licenses.    The appellants filed a remonstrance against the granting of said license, assigning several reasons, the only one material to the question here presented being: "The applicant is pecuniarily interested in the profits of the business conducted at other places in said county where liquors are sold."    The court, after a hearing at which evidence was produced, granted the license, and the remonstrants appeal.

The determination of the issue raised by the remonstrance filed necessarily required the production of evidence and the court below was vested with a discretion in passing upon the questions of fact involved.    That an appeal in proceedings of this kind is to be considered as a certiorari, which brings up only the record, and that where

there has been a hearing and testimony, the conclusion of the court below as to the facts cannot be reviewed, has been so frequently declared that it ought now to be accepted as settled. The appellants in the present case seem to have recognized this principle, for they have abstained from printing in their paper-book the evidence upon which the court below based its findings of fact. The opinion filed by the court below is not in strictness a part of the record and is only to be considered for the purpose of ascertaining the grounds upon which the court based its action. The opinion of the learned judge of the court below states the grounds upon which he based his action, which may be thus summarized: Two stockholders in this limited partnership association, the appellee, owned in their respective individual rights a number of houses which were leased to other parties who held licenses to sell liquors at retail and the several tenants used the properties so held by them, respectively, for purposes of that business. The opinion recognizes the fact that the covenants of the lease, the circumstances of the parties and their course of dealing, might be such as to give the owner of the property control over and an interest in the business of selling liquor at retail upon the premises, and upon that point, says, "We said last year, and we reaffirm it, that any arrangement by which the landlord undertakes to compel the tenant to purchase and sell exclusively the product from the brewery of the owner would be a violation of the spirit of the statute at least. . . . But this fact must be proved before the court, like any other allegation, and the mere ownership or leasing of the premises is not sufficient evidence to warrant us in saying that the landlord coerces the tenant and compels him to buy his product, and particularly so when the only evidence adduced is that of the landlord himself, who denies any such arrangement. We are, therefore, of the opinion that the ownership and leasing of property by a brewer, in which there is a retail license, is not prohibited by the various acts relating to the sale of liquor."

The appellants contend that the mere ownership by a brewer of a building, which is leased to a tenant who uses it for the purpose of doing business under a license to sell liquor at retail, is a violation of the provision of the sixth section of the Act of June 9, 1891, P. L. 257, which is in these words: "That none of the applicants are in any manner pecuniarily interested in the profits of the business conducted at any other place in said county where any of said liquors are sold or kept for sale." The question, as presented by appellants, may be thus fairly stated: When an owner of a building leases it to a tenant who obtains a license to sell liquor at retail and carries on that business in the building, does the owner of the building have a pecuniary interest in the profits of the liquor business thus carried on by his tenant, within the meaning of the statutes regulating the sale of liquors? The Act of May 13, 1887, P. L. 108, regulating the sale of liquors by retail, and the granting of licenses therefor, in its fifth section, requires that the applicant shall swear that he "is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein during the continuance of the license." This same section requires that he shall state under oath, "the name of owner of premises" for which he asks a license. Now if the owner of the premises, merely because he owns the building, has a pecuniary interest in the liquor business carried on by his tenant, it necessarily follows that when the petition of an applicant for a retail liquor license shows upon its face that he does not himself own the building, the license must under the provisions of the statute be refused. The owner of a building, whether it be used as an hotel, a bank or a dry goods store, does not because of the mere relation of landlord and tenant acquire an interest in the profits of the business of his tenant, as such. The owner may be interested in the success of his tenant, for the rent will then be more promptly paid and the amount of it may in the future be increased, but that is not the kind of interest

with which this statute was dealing. The ownership by a brewing company of a large number of buildings leased to tenants who carry on a retail liquor business therein is a circumstance proper to be considered by the court, in passing upon an application for a license by a brewing company, in ascertaining whether such company has a pecuniary interest in the profits of the business done by its tenants under the retail liquor licenses. The covenants of the leases under which the tenants hold, or an agreement collateral to the lease, or the evidence as to the manner in which the parties do business, may establish to the satisfaction of the court that the brewing company has a pecuniary interest in the profits of the business done under the retail licenses and that the saloons are mere agencies of the brewery. But the mere ownership of property, without more, does not so conclusively establish that the landlord has a pecuniary interest in the profits of the business done by his tenant as to warrant us in holding that the granting of the license in the present case involved an abuse of discretion by the learned judge of the court below.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.